UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLYN ROLLINS,

                    Plaintiff,

          -against-

MD BALLAGON; HON SHARPE; HON
BANON; CITIBANK; NYPD,

                    Defendants.

19-CV-3621 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, appearing *pro se*, brings this action against state court judges, a doctor,

Citibank, and the New York City Police Department (NYPD), claiming that her rights were

violated. By order dated April 25, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court

grants Plaintiff leave to amend her complaint against Department of Homeless Services (DHS)

Officers Becket, Barton, and Glover. The Court also dismisses from this action all of the named

defendants.

## STANDARD OF REVIEW

          The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the complaint: a New York State Family Court judge "gave" custody of Plaintiff's child to the father "on the facts of hearsay." (Compl. at 5.) Defendant Ballagon[1] "fabricated a long mental health history on [Plaintiff] which he started with NYPD by taking [her] back an[d] fourth [sic] to serveral [sic] hospitals un[ ]needed! Stating [she] had a mental illness." (*Id.*) Defendant Ballagon violated Plaintiff's "constitutional right with his false assumptions of [her] being mentally ill." (*Id.*)

Plaintiff attempted "to petition this in 111 Centre [Street] [but] Hon. Sharpe said [she] could not for reasons unknown." (*Id.* at 6.)

Plaintiff "was beaten . . . an[d] almost murdered by DHS police Sgt. Beckett, Barton, Glover, etc. several different times." (*Id.*) These officers brought Plaintiff "to the hospital without probable cause," in 2016 and in 2018. (*Id.*)

Plaintiff seeks money damages.

Plaintiff previously sued Citibank, Donald Trump, George Bush, and other unrelated parties, and the Court dismissed the action as frivolous. *See Rollins v. SSI*, No. 18-CV-2029 (CM) (S.D.N.Y. May 2, 2018). In another action against Citibank, *see Rollins v. Citibank*, No. 17-CV-4541 (CM) (S.D.N.Y. Aug. 24, 2017), the Court dismissed the action for failure to state a claim.

---

[1] Plaintiff spells this defendant's name in several different ways, and identifies him as both a doctor and a mental health lawyer.

Plaintiff also previously sued Defendant Bagallon, as well as other state court judges, in which the Court dismissed the action for failure to state a claim. *See Rollins v. Mental Health & Hospital*, No. 16-CV-2855 (CM) (S.D.N.Y. July 8, 2016). After Plaintiff submitted several postjudgment filings in the 16-CV-2855 matter, the Court directed her to show cause why she should not be barred from filing any further documents in that action. *Id.* (ECF No. 13). The Court issued an injunction on January 13, 2017. *Id.* (ECF No. 16).[2]

## DISCUSSION

### A. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of

---

[2] Plaintiff filed a fourth action, originally in the Civil Court of the City of New York, which was removed to this Court by the Social Security Administration and dismissed after the defendants filed a motion to dismiss. *See Rollins v. Adult Protective Services*, No. 15-CV-6662 (PKC) (S.D.N.Y. Jan. 5, 2017).

jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Defendant Sharpe concern his conduct as a judicial officer, and therefore, all claims against him are barred under the doctrine of judicial immunity. As for Defendant Banon, although Plaintiff does not assert any facts regarding his involvement in any of Plaintiff's claims, as Plaintiff appears to sue this judge for judicial conduct, all claims brought against him are barred as well. The Court therefore dismisses these defendants as absolutely immune from any liability. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Citibank**

Plaintiff does not assert any facts against this defendant. In Plaintiff's previous lawsuit against Citibank, *see Rollins*, No. 17-CV-4541 (CM), she claimed that Citibank and JP Morgan Chase Bank "corroborated bank robbery online via my telephone an[d] numerous corps. violating the ECF illegally forge of documents with forge[d] instruments without consent[ ] fr[au]d." *Id.* (ECF No. 2 at 5.)

The Court declines to grant Plaintiff the opportunity to amend the complaint to assert facts against this defendant, as leave to amend would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because (1) the Court dismissed Plaintiff's prior lawsuit against this defendant as frivolous, and (2) Plaintiff fails to state any facts regarding Citibank's involvement in any claim in which the Court could have subject matter jurisdiction, and (3) the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint as to Citibank. Thus, the Court dismisses any claims against this defendant for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

C.    MD Bagallon

Plaintiff names an individual who either was her lawyer or a doctor who testified at a state court proceeding regarding Plaintiff's mental health. Either way, all claims against this defendant are dismissed.

A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under § 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983).

As Defendant Ballagon is a private party who does not work for any state or other government body, Plaintiff has not stated a claim against this defendant under § 1983, and the Court dismisses him from the action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D.    NYPD

Plaintiff's claims against the NYPD must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

### E.    Beckett, Barton, and Glover

Plaintiff asserts that DHS Officers Beckett, Barton, and Glover beat her and brought her to a hospital in 2016 and 2018. She does not assert any other facts regarding these individuals or incidents. Because it is not clear that amendment of this claim would be futile, the Court grants Plaintiff leave to name these individuals as defendants and amend her complaint to state more facts regarding these alleged incidents.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims against Beckett, Barton, and Glover. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-3621 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses all Defendants for failure to state a claim and under the doctrine of judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:    May 13, 2019
           New York, New York

                                COLLEEN McMAHON
                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
  ☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

□   **Federal Question**

□   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State              Zip Code

_____        _____

Telephone Number                   Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State           Zip Code

Defendant 2:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State           Zip Code

Defendant 3:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State           Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.